THOMAS J. JOHNSON v. CATHARINE B. STALLCUP.

JUDGMENT BY DEFAULT.—In a suit on note payable in gold, the value of which, in United States currency, is alleged in the petition, no judgment by default can be rendered for an amount in currency.

ERROR from Anderson. Tried below before the Hon. A. J. Fowler.

*E. W. Bush,* for plaintiff in error.

*T. T. Gammage,* for defendant in error.

ROBERTS, CHIEF JUSTICE.—In this case the defendant in error suggests delay, and asks an affirmance with damages.

There are a number of errors assigned, none of which are believed to be sufficiently sustained by the record to require a reversal of the judgment.

As delay has been suggested, we are required to examine the record to ascertain whether or not there is any substantial error in the proceedings, whether assigned or not. In doing so we find that the note sued on is given for two hundred dollars in gold, which, the petition alleges, was at the time the note was due of the value of two hundred and twenty-four dollars in United States currency, and the judgment was rendered by default for that amount and eight per cent. interest thereon.

Although a default is an implied admission of all of the definite issuable facts well pleaded by the plaintiff in her petition, the fact of the value of gold in United States currency was an immaterial fact in reference to the law of the case, and therefore could not be made the predicate of a recovery in the currency of the United States, which is the effect of the judgment in this case, and to that extent it is erroneous. The judgment should have been rendered for the amount due at the time of its rendition in gold, that being the special contract as to the currency in which it was to be paid, according to the express terms of the note. The judgment will therefore be reversed and reformed, so as to conform to the special contract, by this court, at cost of defendant in error.

REVERSED AND REFORMED.