JOHN A. MARDIS v. JOHNSON, FORT & CO.

JUDGMENT—TRIAL OF RIGHT OF PROPERTY.—On the trial of the right of property when the verdict is against the claimant, who has given bond under the statute, (Paschal's Dig., art. 5310,) it is error to render judgment against him for the value of the property. The claimant has ten days within which to return the property, on failure to do which the clerk's indorsement on the bond that it has been forfeited has the force of a judgment. (Paschal's Dig., art. 5316.)

APPEAL from Lamar. Tried below before the Hon. John C. Easton.

*Johnson, Davis & Armstrong*, for appellant.

*V. W. Hale*, for appellee.

DEVINE, ASSOCIATE JUSTICE.—The appellees commenced suit on an alleged indebtedness of T. F. King, and obtained an attachment, King being at the time a non-resident. The attachment was executed and the return made by the officer in the following words: "Executed October 19, 1870, by taking the undivided interest of T. F. King in a crop of corn and cotton, being one-fifth of eighteen acres of cotton and one-fifth of twelve acres of corn, into my possession, said crop being ungathered."

The cotton and corn levied on was growing on the land of John A. Mardis, the appellant, who intervened and claimed to be the owner by virtue of a contract with the defendant, King, who was to cultivate, gather, and house the crop, and on so doing was to receive one-fifth of the crop so cultivated, gathered, and housed, Mardis furnishing the land and team to cultivate it, and boarding King, as also paying three-fourths of the hire of two boys engaged in the cultivation of the crop. He averred that King had not complied with his contract; that he left the premises in the beginning of July, and that he, King, had no interest in the growing crop, and that it belonged to him, Mardis, by virtue of his landlord's lien.

Appellant, previous to his intervention, made affidavit of his claim of ownership to the crop levied on by virtue of the writ of attachment, and gave bond under the provisions of the act of 1848 (Paschal's Dig., art. 5310) for the trial of the right of property.

The jury returned a verdict in favor of appellees against defendant King for the amount of their debt, and further found against the claimant, John A. Mardis, for the value of defendant King's interest in the crop of corn and cotton growing on the farm of Mardis, which interest was found to be of the value of one hundred and twelve ($112) dollars, and subject to the levy of plaintiffs Johnson, Fort & Co.

The court rendered judgment against King for the amount found by the jury, and further decreed, it appearing to the court that John A. Mardis had replevied the the property attached, "that the plaintiffs, Johnson, Fort & Co., have and recover of and from the said intervenor and his said securities the aforesaid sum of one hundred and twelve dollars and fifty cents, the same being the estimated value of the crop of corn and cotton had and held and replevied by John A. Mardis, being the property of T. F. King," &c.

The exceptions and assignments of error are not material, and will not be noticed further than to state that the verdict of the jury and the character of appellant's liability do not authorize the judgment rendered against him and his securities. Under art. 5316, Paschal's Dig., the claimant who fails to establish his right to property levied on and replevied by him from the officer seizing it, has ten days after judgment is rendered against him to deliver the property before the clerk can indorse on the bond that the same has been forfeited or the securities be made liable on the same to have execution issued against the principal or themselves. For this the judgment, so far as it relates to appellant Mardis, must be reversed and the cause remanded. The defendant, King, not complain-

ing of the judgment, and being entirely disconnected with appellant in this cause, the judgment will·not be disturbed as to him.

REVERSED AND REMANDED.