# SUPREME COURT OF TEXAS.

## TYLER TERM, 1876.

### WALDROFF & LEARY v. S. T. SCOTT.

1. MECHANICS' LIEN—JUDGMENT IN REM.—The mechanics' lien law of 1871, (Paschal's Dig., art. 7112,) while it authorizes a sub-contractor, or employee of the contractor, to fix a lien upon the house and lot or land which may be enforced by a judgment against the owner, after a compliance with the provisions of the statute, still it does not authorize him to recover a general judgment *in personam* against the owner for the debt claimed, to be collected out of his property generally, as other judgments rendered against him for his own debts.

2. MECHANICS' LIEN—PRACTICE.—There being no special mode of proceeding pointed out for enforcing in the courts a mechanics' lien under the act of 1871, the remedy pursued should be in accordance with the general principles and practice relating to the enforcement of liens.

3. MECHANICS' LIEN—PARTIES—PRACTICE.—It would seem to be the proper practice for the sub-contractor, on bringing a suit against the owner to enforce his lien, to make his employer a party, so as to have adjudicated the amount of his debt at the same time, unless it had been previously adjudicated, and also to make others who had liens (if there be any) parties, to settle their validity and adjust their priority.

4. MECHANICS' LIEN.—When the account and specifications of a contract, filed and recorded by the workman, who seeks to enforce a mechanics' lien, fail to place him in the attitude of a sub-contractor, no lien can be enforced in his favor as a sub-contractor.

APPEAL from Harrison. Tried below before the Hon. M. D. Ector.

Orville Waldroff and James Leary brought suit against S. T. Scott for $159, with interest, alleging, that in October, 1873, they erected the basement story of a dwelling-house for

(1)

defendant in Harrison county, on which they used material and bestowed labor, which they specified. They alleged that on the 15th day of November, 1873, they filed with the clerk of the District Court of Harrison county their account against the defendant for said sum of money, with what is designated as a contract, which was made an exhibit. The exhibit filed consists of an account for $159, made out against Waldroff & Leary, and the affidavit made by O. Waldroff and J. Leary, in which they state that the account is just and correct; that they first contracted to do the work with one Willis Green, and that after working a few days they became dissatisfied and refused to proceed, unless S. T. Scott would become responsible, which he then consented to do. The affidavit concludes with a claim for a lien on the property, as being given by act of November 17, 1871.

The answer of Scott denied the contract, and alleged that if plaintiffs were employed at all, the same was done by one Willis Green, and without Scott's knowledge; it further alleged that when plaintiffs were about engaging in the work they were expressly told that they must look to Green alone for their pay, which they, it is alleged, agreed to do.

It was agreed that the account and affidavit containing the alleged contract were properly recorded, and a copy served on the defendant below, and that the work was done as alleged.

The testimony offered by the parties plaintiff, was contradicted in almost every particular by the witnesses for Scott. The plaintiff, Waldroff, and Green swore that Scott told the plaintiffs to go on with the work and he would see them paid. Scott was his father-in-law. William M. Jones stated that no such conversation occurred at the time stated, but that, on the contrary, Waldroff & Leary were told that they must look to Green for their pay, which they agreed to during the progress of the work, and were shown an account for $105 due from Green to Jones, which they were informed must be paid by Green in that work.

The following charge was asked by defendant's counsel and refused by the court, the refusing of which was assigned for error, viz:

"The plaintiffs ask the court to charge the jury that, if they find that said plaintiff's work upon the house of defendant, under a contract with Willis Green, who had made a contract with defendant to do said work, and that defendant knew that said plaintiff was doing said work and received the same after it was done, and that within six months thereafter plaintiff caused their contract to be reduced to writing and recorded in the clerk's office of Harrison county, Texas, and a copy thereof to be served on defendant, they will find for the plaintiffs the amount said work has been proven to be worth, less the sum due by Willis Green to William M. Jones at the date of the contract between Willis Green and defendant."

Verdict and judgment for defendant, from which Waldroff & Leary appealed.

*George L. Hill*, for appellants.

*H. McKay* and *W. H. Pope*, for appellee.

ROBERTS, CHIEF JUSTICE.—It is contended by counsel for the appellants that the court erred in refusing to give the charge asked for by the appellants, the object and purport of which was to secure them a mechanics' lien, under the law of 1871, whether or not they proved to the satisfaction of the jury that Scott had become bound by contract with them to pay what they were entitled to, under their contract with the contractor Green, for their labor done on Scott's house.

The act provides, amongst other things, that a mechanic who may labor in the erection of a house improvement, shall have a lien upon the house and upon the lot or land upon which it is situated. To secure the lien he must file and cause to be recorded his contract in the district clerk's office,

in the county where the lot or land is situated, within six months from the time when the debt becomes due.

If the contract is verbal, affidavit must be made to duplicate copies, with a bill of particulars, one of which shall be served on the party owing the debt. The said contract or account must be accompanied with a description of the lot or land upon which the lien is claimed. (2 Paschal's Dig., art. 7112.)

Under this act a mechanic who performs labor on a house, though he be only a sub-contractor or employe of the contractor, may secure a lien upon the house and lot, or land to the extent of fifty acres if it be in the country, by complying with the terms of the law, although there has been no contract about the labor between him and the owner of the lot or land. (Phillips on Mechanics' Lien, sec. 52.) The law contemplates that he shall file and have recorded the contract that he has made with his employer, and serve the owner of the house with a copy of that, made out as prescribed by the statute.

This authorizes him to fix a lien upon the house and lot, or land, which may be enforced by a judgment against the owner, subjecting that property to the payment of the debt, but does not authorize him to recover a general judgment *in personam* against the owner for the debt claimed, to be collected out of his property generally, as other judgments rendered against him for his own debts. (Phillips on M. Liens, secs. 10 and 305; 1 E. D. Smith, (N. Y.,) 661.)

This act of 1871 does not prescribe any mode of adjusting the amount of the debt as between the mechanic and his employer, the contractor, for which the lien upon the house and lot or land of the owner is to be enforced, such as is provided, before suit, by the act of 1844, where the mechanic seeks to stop the amount of his debt for his labor in the hands of, and to recover it from, the owner of the house upon which the labor is performed. (Paschal's Dig.; arts. 4595–4598.)

There is no special mode of proceeding pointed out for

enforcing in the courts this mechanics' lien on the house and lot or land of the owner under the law of 1871; and therefore the remedy pursued should be in accordance with the general principles and practice relating to the enforcement of liens in our courts. (Phillips on M. L., sec. 315.)

Under this view, it would seem to be appropriate for the sub-contractor, in bringing a suit against the owner to enforce his lien, to make his employer a party, so as to adjudicate the amount of his debt at the same time, unless it had been previously adjudicated. (Phillips on M. L., sec. 312.) And it might also be necessary to make others parties, who had liens, in order to adjust their priority, as well as to settle their validity. (Preston *v.* Breedlove, 45 Tex., 47; Byler *v.* Johnson, 45 Tex., 509.)

These suggestions are made on account of the want of any established practice in our courts in the enforcement of the right of lien given in this recent statute of 1871.

The account and memorandum of contract made out, filed, and caused to be recorded by the plaintiffs, was not for a debt due them from Green, the contractor, but from the defendant Scott, the owner of the house and land.

The plaintiffs declared against Scott, the owner, on a contract made by him with them, and on a promise to become directly responsible to them for the price of their labor on the house, and sought to recover a personal judgment against him for their debt, as well to obtain a judgment and decree of the court, establishing their mechanics' lien upon his house and land to secure his alleged debt due to them.

The plaintiffs, neither in the mode of making out their account and specification of contract, nor in the allegations and prayer of their petition, placed themselves in the attitude of sub-contractors or employes of the contractor.

The court therefore correctly refused to give the charge asked for by their counsel, which would have permitted a recovery, simply on the ground that they did the work as sub-contractors or employes of Green.

The evidence, on the trial, might have required such a charge, and it would have been proper to have given it, if the case made by the plaintiffs in their pleadings had warranted it. It was not practicable for the pleadings to have been shaped so as to admit of such a charge, because the contract, filed and recorded to fix the lien, put plaintiffs in the position of contractors, and not sub-contractors or employes of a contractor.

The court, in the charge which was given to the jury, made the plaintiffs' recovery depend upon their establishing the account and contract with the defendant, that being the contract, filed and recorded to fix a lien, of which defendant had been notified, and which was set out and declared on in the petition.

The evidence in regard to the contract sued on was conflicting, and both sides being well sustained by the testimony of witnesses, the jury had to determine the matter in issue between the parties. Their verdict cannot be disturbed by this court under the well-settled rule on that subject by which it has been governed.

Neither in the action of the court, nor that of the jury, do we find any good ground of reversal, and therefore the judgment is affirmed.

AFFIRMED.