## MAYMORE & BLOOM v. A. BALDWIN & CO.

(No. 499, Tex. L. J., vol. 2, p. 474.)

APPEAL from Falls County. Opinion by WINKLER, J.

§ 722. *Trial of the right of property; judgment in.* On failure of the claimants to establish their claim, the judgment should have been so rendered as to fix the lien covered by the attachment, and subjecting the property to sale to satisfy the demand of the plaintiffs in the suit out of which the attachment issued. On failure to return the property for that purpose, the law fixes the remedy against the obligors upon the claim bond. [Mardis v. Johnson, 43 Tex. 225.]

January 11, 1879. Reversed and remanded.

---

## MRS. P. A. HAWKINS v. JAMES M. HANEY.

(No. 452, Tex. L. J., vol. 2, p. 477.)

ERROR from Dallas County. Opinion by WINKLER, J.

§ 723. *Judgment by default; effect of, as an admission.* Whilst a default may be an implied admission of all the definite issuable facts well pleaded by the plaintiff in his petition, it will hardly be contended that the default admits anything further. [Johnson v. Stallcup, 41 Tex. 529.] We are of opinion that there is no allegation in the original or amended petition which would, if taken as true, warrant a personal judgment against the plaintiff in error for the amount of the account sued on, the suit being to recover an account by a sub-contractor and to fix a building lien on a house and lot in the city of Dallas. [Waldroff v. Scott, 46 Tex. 1; Gaylord v. Loughridge, 50 Tex. 573, and Huck v. Gaylord, 50 Tex. 578.]

January 18, 1879. Reversed and remanded.