KANE SHIELDS v. JOHN MORROW.

1. MECHANIC'S LIEN.—Under the act of November 17, 1871, (Paschal's Dig., art. 7112,) a sub-contractor who supplied work and materials upon a building under contract with the master builder and not with the owner, was not entitled, under the provisions of that act, to a mechanic's lien upon the building and ground on which it was erected for the payment of his debt.

2. STATUTES CONSTRUED. — Former acts conferring liens in favor of mechanics, reviewed and discussed.

3. MECHANIC'S LIEN.—The act of November 17, 1871, (Paschal's Dig., art. 9112,) was intended chiefly to give a mechanic's lien to original contractors on verbal as well as upon written contracts, since the former statutes had confined the lien to the latter class of contracts.

4. CAUSES DISCUSSED.—This case distinguished from Waldroff *v.* Scott, 46 Tex., 1.

5. REGISTRATION—STATUTES CONSTRUED.—Registration in the office of the county clerk of an instrument required to be recorded by the clerk of the District Court, under an act passed at a time when both offices were merged in that of district clerk, will be sufficient when the registration is made after the office of county clerk has been reëstablished.

APPEAL from Collin.  Tried below before the Hon. Joseph Bledsoe.

The opinion states the case.

*White & Plowman* and *R. W. Goldthwaite,* for appellant.— The court erred in sustaining the demurrer and exceptions of defendant, John Morrow, to plaintiff's amended original petition.

The statute, in plain and comprehensive terms, gives a lien to any person who may labor or furnish material upon any house improvement, &c.  (Paschal's Dig., art. 7112.)

The lien springs out of and results *eo instanti* from the thing done which gives the lien.  This is the natural and reasonable intendment, unless there is something in the act conferring the lien which prevents this result and postpones, by express terms or clear implication, the attaching of the lien at the time the labor is done or the material furnished for which the lien is given.  (Phillips on Liens, 215.)

Statutes are to be read according to the natural and obvious import of their language.  (Engelking *v.* Von Wamel, 26 Tex., 471 ; Sedg. on Stat. and Const. Laws, 218 ; Forrest *v.* Forrest, 10 Barb., (Sup. Ct.,) 46.)

In the various mechanic's-lien acts of the several States in which it has been determined that the lien did not attach

when the labor was done or the material furnished, there is some express provision by which the lien is postponed until some other thing is done by the laborer or material-man, as is the case in the District of Columbia and in New York, where it is provided that any person, &c., upon filing the notice prescribed in the following section shall have a lien. (Green *v.* Green, 16 Ind., 253; Rev. Stats. of D. C., p. 83; Act relating to Kings and Queens counties, N. Y.; Kneeland on Liens, 469; 2 Abb. Prac., (N. Y.,) 93, 99.)

By our statute, the lien given to the mechanic is not dependent on whether the owner owes the contractor, or whether he files his lien within six months after the debt from the owner to the contractor is due, or not. The right to the lien is given to the laborer or material-man; it is against the building or improvement, not against the owner, and depends not on whether the contractor owes the material-man or the laborer. A right to payment of his debt by enforcing his lien against the improvement cannot be discharged by any agreement, or contract, or satisfaction made or had between the owner and contractor. This would be allowing one man's rights to be extinguished by the actions of others, without his consent, and against his will, and to his injury. A, by payment to B of a debt due from A to B without C's consent, discharges a lien which C has against the property of A for a debt due to C. Where mechanics'-lien laws have, by express terms, made the right of the sub-contractor to depend upon the fact that the owner was indebted to the contractor, the rule would apply; but there is no such provision in the mechanic's-lien act of 1871 above referred to. Payment to the contractor is no satisfaction of or impediment to the lien of the sub-contractor.

BONNER, ASSOCIATE JUSTICE.—The plaintiff, Kane Shields, as a sub-contractor of Leonard Brothers, master builders, sues them and the defendant John Morrow, who was the employer of Leonard Brothers and the owner of certain lots in the

city of McKinney and the buildings erected thereon by said Leonard Brothers, to recover of Leonard Brothers the sum of $1,195 due him by them for work and material furnished as a painter and glazier on said buildings, and to enforce his mechanic's lien therefor against the defendant Morrow. Plaintiff alleges that on the 1st of March, 1876, he had finished his sub-contract, and that within less than six months thereafter he had his account, bill of particulars, and a description of the property upon which he claimed his lien recorded in the office of the county clerk, and had a copy of the same served on the defendant Morrow. He does not allege when the contract-price from Morrow to Leonard Brothers became due, or that at the date of the registry of his claim Morrow was indebted in any amount to Leonard Brothers.

Among other demurrers by defendant Morrow, the court sustained the following: That it does not appear from said petition that plaintiff was employed by John Morrow, or by any one authorized by him, to perform labor or furnish material for said buildings; that said petition does not show when the contract between Morrow and Leonard Brothers became due, and that said bill of particulars marked "I" and claim of lien were filed within six months from the time said debt became due from Morrow to Leonard Brothers; that it does not appear from said petition that defendant Morrow was indebted to Leonard Brothers at the date of the filing of said bill of particulars and claim of lien for record; that the bill of particulars and notice of lien were not filed in the office of the clerk of the District Court of Collin county.

Plaintiff declined to amend, and judgment final was rendered for defendant Morrow, and judgment by default, in favor of plaintiff, against defendants Leonard Brothers for the amount of his claim. Plaintiff prosecutes this appeal from that part of the judgment in favor of defendant Morrow.

It is a sufficient answer to so much of plaintiff's petition

as sought a lien by virtue of section 37 of article 16 of the Constitution of 1876, that neither at the date of his contract with Leonard Brothers nor of the completion of the same, had this Constitution taken effect.

The rights of the plaintiff, therefore, must be tested by our laws then in force. He relies upon the act of November 17, 1871. (Paschal's Dig., art. 7112.)

So much of this act as is necessary for the purposes of this opinion, provides that any person or firm, artisan or mechanic, who may labor, furnish material, machinery, fixtures, and tools to erect any house improvement, or to repair any building or article, or any improvement whatever, shall have a lien on such article, house, building, fixtures, or improvements, and shall also have a lien on the lot or lots, or land necessarily connected therewith, to secure payment for labor done, material and fixtures furnished for construction or repairs. In order to fix and secure the lien herein provided for, the contractor, mechanic, laborer, or artisan furnishing material, shall have the right at any time within six months after such debt becomes due to file his contract in the office of the district clerk of the county in which such property is situated, and cause the same to be recorded in a book to be kept by the district clerk for that purpose. If the contract be verbal, a duplicate copy of the bill of particulars shall be made under oath, one to be filed and recorded as provided for written contracts, and the other to be served upon the party owing the debt.

The material question arising upon the demurrer, and which is decisive of the case, is this: Is a sub-contractor who supplies work and material upon a building not under a contract with the owner, but with the master builder alone, entitled, under the provisions of the above act, to the mechanic's lien, for the payment thereof, upon the lot and buildings?

This character of lien is not given by the common law, but depends upon statute. (Pratt v. Tudor, 14 Tex., 39.)

Many of the apparently conflicting decisions upon the sub-

ject of mechanics' liens arise from the different provisions of the statutes of the several States, and, as in the present case, they are but the construction of the particular enactment under consideration. A brief review of our legislation on this subject will better enable us to arrive at a proper determination of the question before us.

By the act of January 23, 1839, (Paschal's Dig., art. 4592,) a lien was given to master builders and mechanics upon a written contract. The statute evidently contemplated that this contract should be made by and between the owner and the master builder or mechanic.

By the act of March 15, 1848, (Paschal's Dig., art. 4593,) this written contract was required to be recorded within thirty days after the same was made; otherwise it was inoperative as to all persons without notice.

By the act of February 5, 1844, (Paschal's Dig., art. 4595,) in case of such written contract between the owner and a contractor, another (who by the terms of the statute is designated as a "journeyman, laborer, cartman, or sub-contractor") who performed any work or furnished any material for the erection of the building had the right, upon serving the owner with an attested account of the amount and value of the work performed or material furnished, to require that he shall retain the amount of the same to the extent in value of any balance due by such owner to the original contractor at the time such notice was first given to the owner.

This statute gave to the sub-contractor the right to a personal action against the owner for the amount of such attested account, to the extent of this balance thus due, if the same, by collusion or otherwise, was, without regard to the rights of the sub-contractor, paid by the owner to the original contractor; but it did not give to the sub-contractor a lien on the property.

Thus stood our legislation at the date of the passage of the act in question. This and the preceding acts were cumulative. That of November 17, 1871, under consideration, was

iutended principally to give the mechanic's lien to original
contractors upon verbal as well as upon written contracts;
to which latter class it had been confined by the former stat-
utes. It was not, however, in the opinion of the court, intend-
ed to give to sub-contractors, between whom and the owner
there was no privity of contract, a lien upon the property; but
simply to enlarge and extend the rights which they had under
previously existing laws also to cases of verbal contracts.
This is the more evident, as they are not mentioned *eo nomine*
in this last act; and as by the subsequent act of August 7, 1876,
(15th Leg., 91,) not in force at the accrual of plaintiff's cause
of action, and which repealed all laws and parts of laws in
conflict with the same, sub-contractors had again the right,
by serving the owner with such attested copy, to establish,
as against him, the amount due them by the original con-
tractor, to the extent of any balance still due him by the
owner.

It may be very seriously doubted, indeed, whether the Leg-
islature has the power, as contended by counsel for appellant,
to establish and fix a lien on property, as against the owner,
in favor of a sub-contractor, between whom there was no
privity of contract, for any greater amount than was due by
the owner to the principal contractor at the date when notice
of the intention to thus fix the lien was given to the owner.
If this, under any principles of justice, could be done at all,
the provisions of the law should be positive and express to
authorize the courts to give it this construction, and not be
left, as in this statute of November 17, 1871, to mere impli-
cation.

To give this, in connection with the previous statutes upon
the same subject-matter, the construction now placed upon it
by the court, fully meets all of its reasonable requirements;
gives, with the use of proper diligence, ample protection to
the sub-contractor; and at the same time protects the just
rights of the owner of the property.

To give it the construction contended for by counsel for

the appellant, jeopardizes the property of the owner to the risk of a lien made without his knowledge or consent, which may be extended indefinitely by the contract of a third party perhaps entirely unknown to him, and for the payment of a claim which he had long before settled in good faith with the principal contractor and in accordance with their deliberate agreement. (Russell *v.* Bell, 8 Wright, (Penn.,) 53.)

That such lien existed in favor of a sub-contractor, was not the point upon which the case of Waldroff *v.* Scott, 46 Tex., 1, was decided; and the general expression contained therein, that the same might exist, was authorized by the claim of the plaintiff, that, though a sub-contractor, he had made his contract directly with the owner of the property himself.

This view of the case necessarily leads to an affirmance of the judgment below.

The objection raised by the demurrer, that the claim of plaintiff was recorded in the office of the county clerk and not that of the district clerk, was, in our opinion, not well taken.

Although the statute, in terms, required that it should be recorded by the district clerk, yet this was in view of the fact, that at the date of its passage the former office of county clerk had been merged into that of the district clerk. Both before that act (which was repealed and the office of county clerk reëstablished at the date of the registry of the claim of plaintiff) and subsequently, it was the law of this State that this character of lien should be recorded in the office of the county clerk. (Const. 1869, art. 5, sec. 9; Const. 1876, art. 5, sec. 20; Laws 15th Leg., 10.)

The judgment is affirmed.

AFFIRMED.

GOULD, ASSOCIATE JUSTICE (dissenting).—I do not concur in the judgment rendered, nor in the construction of the act of November 17, 1871, upon which that judgment is based.

That act was differently construed by this court in the case of Waldroff *v.* Scott, 46 Tex., 1, in a well-considered opinion delivered by Chief Justice Roberts. The statute has since been repealed, and I think the construction which it received, whether necessary to the decision of that case or not, should not now be disturbed. In my opinion, the meaning of the statute was to give a lien to "a mechanic who performs labor on a house, though he be only a sub-contractor or employé of the contractor," "although there has been no contract about the labor between him and the owner of the lot or land"; and I do not participate in the doubt expressed in the opinion in this case, as to the power of the Legislature to establish such a lien and to devolve upon the owner of the property improved the duty of providing for it to the extent of the benefit received. The fact that the present Constitution contains a section nearly identical in terms with the leading clause of this statute, constitutes an additional reason why I should place on record my dissent from a construction of the statute which I regard as erroneous and as unsettling what might well have been regarded its judicial construction.