Opinion by
Willson, J.
§ 225. Pleading; issue tendered by claimant in trial of the right of property, held insufficient. Appellee caused an execution to be levied upon certain property as the property of Culver Bros., defendants in said execution. Appellants claimed the property, and in the proceeding to try the right thereto pleaded as follows: “1. Defendant denies the right of the plaintiff to subject the property in controversy in this suit, because his alleged judgment is against W. W. Culver, H. H. Culver and L. L. Culver, alleged to be partners ahd doing business under the firm name of Culver Bros., and that the said Wrought Iron Range Company, the defendant herein, is a corporation, and that the property belongs to said corporation, and that the members of said corporation are said W. W. Culver, H. H. Culver and L. L. Culver, and no other person or persons, and not to the partnership firm of Culver Bros., and that said property is in no way subject to the debts of said Culver Bros. 2. That the execution which was levied on said property, and the judgment upon which the same was issued, are null and void, and cannot be enforced against any one, because said judgment was rendered on service by publication, and was not a proceeding in rem. No property was attached, or in any way proceeded against, to give the court jurisdiction, and said firm of Culver Bros, did not appear in person or by attorney, and in no way had notice of the pendency of said suit in which said judgment was rendered, until this execution was levied on their property; and that they were non-residents. 3.-Said judgment, and ‘the execution issued thereon, are void, for the further reason, to wit, the suit in which said judgment was rendered was founded on a justice’s judgment rendered in the state of Georgia against said firm of Culver *175 Bros., who were, at the time of the rendition of said judgment, residents of the state of Missouri, and that the said judgment rendered in the state of Georgia was rendered without any notice or 'service of summons on them or either of them, or' on any one lawfully representing them, and that they, nor either of them, in any way authorized any one to waive service of summons, nor did they, or either of them, appear in person in said court, or by attorney duly authorized, and that they, nor either of them, had any notice whatever of said suit in the state of Georgia, nor of the rendition of judgment in said state.” Held, that these pleas presented no valid defense to plaintiff’s claim upon the property, and that exceptions thereto were properly sustained. The reasons for this holding are stated in the following sections:
§ 226. Seme; reason why the first plea was insufficient. The first plea denied the right of the plaintiff to subject the property to his execution, because said property belonged to the claimant. This might have been a good plea upon general demurrer, if it had stopped here; but it went further, and alleged that the defendants in execution and the individuals composing the claimant corporation were the same persons; that the firm of Culver Bros, constituted said corporation. ■ Such being the case, the property in fact did belong to the defendants in execution, and was subject to their debts. It is true that this property, if it was a part of the ■ assets of the corporation, would first be subject to the debts of said corporation. But it is not alleged in the plea that said corporation owed any debts, or that said property was in any way charged with any liabilities as assets of said corporation. In the absence of such allegation, it is to be presumed that said property was wholly unincumbered, and, therefore, as it belonged to the defendants in execution, it was subject to execution for their debts. This plea, upon its face, -showed that the property was subject to the plaintiff’s execution.
*176 § 227. Same; reasons why the second plea was insufficient; judgment against a non-resident of the state. The second plea does not allege that, at the time of the institution of the suit, or of the service by publication, Culver Bros, were non-residents of this state. It alleges that they were non-residents, but does not state 'their residence, nor name the place of which they were non-residents. They may have been residents of Texas and wow-residents of New York, for aught that appears from this plea. Nor does it appear from this, plea when they were non-residents, whether before, at the time of, or after, the proceedings complained of therein. If the facts were that the judgment against Culver Bros, was obtained upon service of citation by publication, and that they were, at the time of the institution of the suit, nonresidents of this state, and that no property of theirs was brought within the jurisdiction of the court by proper process, and that they did not answer in the suit, the proceeding being one in personam, the judgment and execution would be void, and could not form the basis of a recovery in this proceeding. [Smith & Zeigler v. Stern & Martin, ante, %% 92, 93.] But such a state of facts is not presented by this plea.
§ 228. Same; reasons why the third plea was insufficient; judgment of another state. It is not alleged in this plea that the Georgia court did not acquire jurisdiction over the persons of the Culver Bros, by virtue of some local law of that state. ‘11 It is perfectly well settled that if a judgment is rendered upon constructive service, authorized by the laws of the state where rendered, such judgment will be held to be as valid and binding by its courts, to the extent of their operation by the local law, as if rendered upon personal service on the defendant. It is competent for each state to prescribe the mode of bringing parties before its courts. Although such regulations can have no extra-territorial operation, they are, nevertheless, binding on its own citizens. For, in respect to its own resident citizens, it is undoubtedly competent *177 for the legislature to prescribe such modes of judicial proceedings as it may deem proper; to direct the manner of serving process; the notice which shall be given to defendants; and to declare the effect of a judgment rendered in pursuance of such notice.” [Thouvenin v. Rodrigues, 24 Tex. 468.] It may have been that the Georgia court acquired jurisdiction over Culver Bros, by attachment of their property in that state, or in some other mode provided by the law of that state, other than actual personal notice to them. The plea does not directly and clearly negative that such was the case. True, it alleges that at the time of the rendition of said judgment, Culver Bros, were residents of the state of Missouri, but it does not allege that they were non-residents of the state of Georgia, at the time of the institution of said suit against them, and if they were residents of Georgia at that time, they were subject to the jurisdiction of the courts of that state, and if that jurisdiction had attached, their removal from the state would not defeat it, nor render nugatory any constructive notice had upon them in accordance with the law of that state. This plea does not allege such facts as show that the judgment rendered in Georgia was void, and, unless the judgment was void, it could not be attacked collaterally.
§ 2 2 9. Judgment against claimant in trial of right of property. The value of the property levied on was $150. The amount of the execution levied upon it was $123.30. Judgment was rendered against the claimant and its sureties on the claim bond for $150, the value of the property, together with $6 interest, $10 damages, making in all $166, and for costs. Held, that there is no error in the judgment. Article 4843, Revised Statutes, provides: “In all cases when any claimant of property, under the provisions of this title, shall fail to establish his right thereto, judgment shall be rendered against him and his sureties for the value of the property, with legal interest thereon from the date of such bond.” This article plainly *178 authorizes the judgment in this case to the extent of the value of the property and the interest upon such value. Articles 4840 and 4841 as plainly authorize it for the $10 damages. As for the costs, the condition of the claim bond authorized judgment for the same upon the bond. [R. S. art. 4821.] In Neill v. Billingsley, 49 Tex. 161, it was held error to render judgment against the sureties upon a claimant’s bond for costs, as the statute did not warrant such judgment. That decision, however, was made before the Revised Statutes went into effect, and, under the law then in force, the claimant’s bond was not conditioned for the payment of the costs, as it is now required to be. [Pas. Dig. art. 5310; R. S. art. 4821.] '
§ 230. Same; what plaintiff is entitled to collect on judgment. True, the judgment rendered is for a larger amount than the plaintiff is entitled to collect. He is entitled to receive only the amount of his debt, interest thereon, the damages awarded, and the costs. When he has received these amounts his judgment is ipso facto satisfied in full. [W. & W. Con. Rep. § 1330.]
§ 231. Same; is unconditional. It is objected to this judgment that it is unconditional against the obligors in the claim bond, without reserving to the claimant the right .to return the property in' satisfaction of the judgment. In support of this objection, Mardis v. Johnson, 43 Tex. 225, is cited. That case was decided when the statute did not prescribe, as it now does, that an unconditional judgment should b& entered against all the obligors in the bond. Upon a comparison of the two statutes, it will be found that they materially differ with respect to the judgment. [Pas. Dig. art. 5316; R. S. art. 4883.] Under the statute as it is now, the judgment to be rendered is unconditional, but may be satisfied by a return of the property, etc. [R. S. art. 4845.] This provision for a return of the property in no way controls the form of the judgment to be entered. It simply grants to the defendants in the judgment 'a means of *179 satisfying the same, otherwise than by paying the same in money. Upon compliance therewith the judgment is as fully and as effectually satisfied as if it had been paid.
June 7, 1884.
Affirmed.