### Eastern Texas Railroad Company v. J. H. Davis.

Decided November 30, 1904.

1.—Laborer's Lien—Foreclosure—Parties.

In an action to foreclose a laborer's lien for work done in the construction of a railway the contractor who employed plaintiff is a necessary party to the suit.

2.—Nonresident—Service—Personal Judgment.

Service by publication may be had on a nonresident in an action to subject property of his within this State to claims against him, but a personal judgment against him can not be predicated on such service.

3.—Same—Action to Foreclose Laborer's Lien.

A nonresident contractor who employed plaintiff could not be made a party to an action to foreclose a laborer's lien for work done in the construction of a railway by service by publication.

4.—Railway Construction—Laborer's Lien—Subcontractor.

Though a subcontractor does not acquire a lien on railway property to secure him for work he does in its construction through the labor of others, he has, however, a lien for work which he personally does.

Error from the District Court of Angelina. Tried before Hon. Tom C. Davis.

*E. J. Mantooth,* for plaintiff in error.

No briefs for defendant in error.

GILL, ASSOCIATE JUSTICE.—The suit was brought by J. H. Davis to foreclose upon the roadbed of the Eastern Texas Railroad Company the statutory lien existing in his favor to secure his unpaid claim for labor performed by him in the construction of the road under employment of one R. J. Smith, who is alleged to have the contract for the construction of a part of the road. A specific sum beneath the jurisdiction of the District Court was alleged to be due to plaintiff by Smith, but the suit was brought in the District Court bcause a lien on real estate was asserted.

The petition disclosed that Smith was a nonresident of Texas and a resident of Kansas City, Mo. She was named as one of the defendants, and personal service was had upon her in that State under the provisions of the statutes of this State governing service upon nonresidents. The railway company answered by general denial. Smith made no appearance and the company by motion sought to abate the suit on the ground that Smith was a necessary party and had not been made a party in such a way as to bind her by the judgment.

It was also urged as a ground for dismissal that the sum claimed was beneath the jurisdiction of the District Court and there was no privity between the company and plaintiff.

The pleas in abatement and to the jurisdiction were overruled, the cause tried by the court without a jury, and judgment rendered in favor of plaintiff for $91.25 with foreclosure of his asserted lien. From this judgment the company has appealed and urges three reasons why the judgment should be reversed: (1) Because the contractor was not properly made a party defendant; (2) because the sum claimed was beneath the jurisdiction of the court; and (3) because plaintiff was shown to be a subcontractor and not a laborer within the purview of the statute under which he asserts his lien.

The point made that the suit can not be maintained unless the principal debtor or contractor is made a party in such a way as to bind him by the judgment is one not free from difficulty. It is, however, a well-settled general rule that one can not foreclose a lien without establishing the existence of the debt upon which it is founded.

It is also generally true that it is not enough to do this by the introduction of evidence in the foreclosure proceeding unless the debtor is properly made a party defendant.

In many jurisdictions this rule has been applied to foreclosures of mechanic's and laborer's liens,. the reasons given therefor being peculiarly forceful and convincing.

It was so held by our Supreme Court in an opinion by Justice Stayton in Austin & N. W. Ry. Co. v. Rucker, 59 Texas, 587, authorities cited and the reason of the rule discussed at some length. In Austin & N. W. Ry. Co. v. Daniels, 62 Texas, 70, opinion by Justice Walker of the

Commission of Appeals, the two articles of the statutes—3312 and 3313—are quoted and the following language used:

"Clearly this statute creates by its express terms such privity between 'mechanics, laborers and operatives' and the railroad company for whose benefit the labor contemplated by this act is performed as entitles the former to maintain an action directly against such company to enforce the lien which the statute gives therefor to the class of persons enumerated in the act."

No authority is cited nor is the previous opinion of Judge Stayton referred to. This language induced the author of the article on mechanic's liens in the American and English Encyclopedia of Pleading and Practice, page 954, volume 13, to place this State in the list of those permitting the enforcement of the lien without making the debtor a party.

A closer inspection of the Daniels case makes it clear that Justice Walker did not undertake to announce any rule covering the question now before us. The railway company, the contractor and the subcontractor were parties defendant in that case, so of course no such question was there presented. The language was used in response to a contention that as there was no privity between the railway company and the subcontractor, and employe of the latter had no lien upon the property.

The rule announced by the court is now well settled to be sound, it seems also to be now well settled in this State that the contractor or principal debtor must be made a party to the foreclosure proceeding unless the debt has been previously established against him by suit.

In Waldroff v. Scott, 46 Texas, 5, Judge Roberts so announced the law. Walter v. Dearing, 65 S. W. Rep., 380, is also in point. The great weight of outside authority is in line with the cases last cited. 20 Am. and Eng. Enc. of Law, 273, 518; Phillips on Mech. Liens, 397.

We are therefore confronted with the question whether the contractor has been made a party in this cause.

It is now firmly established that no personal judgment against a nonresident can be predicated upon service by publication. His property within this State may be subjected to claims against him, to which end and for that purpose alone substituted service is efficient. Such a judgment is enforceable alone against the property proceeded against.

In the case before us the substituted service did not authorize a personal judgment against Smith. It is not claimed that Smith had any interest in the property upon which the lien was asserted. Hence it follows that in no respect could Smith have been bound by the judgment. In the absence of jurisdiction over Smith's person or some property in which she had an interest, the railway company could procure no valid judgment over against her nor in any other way protect itself against the plaintiff's claim. Should the railway company seek in a subsequent suit to hold Smith for the amount of the lien established in this, Smith could defend as if this suit had never been brought. It is apparent that Smith is not a party to this suit in any sense, and

since the railway company has the right to insist that she be made a party the judgment must be reversed and the cause remanded.

In view of another trial, other questions must be disposed of. The facts bearing upon the existence of the lien are as follows:

R. J. Smith had a contract with appellant to construct a part of its road. She let to the plaintiff and one Atkins the contract to distribute ties over fifteen miles of the right of way, the contract price being 2 cents per tie. When only a portion of the work had been done Atkins withdrew and plaintiff took in one Allbritton, with whom he finished the contract and did some additional work. Most of the work appears to have been performed by teams and wagons owned by plaintiff and Allbritton, the labor being done by hired hands paid by them a daily wage agreed on, the subcontractors getting 2 cents per tie for all ties so handled and distributed. A part of the work seems to have been performed by plaintiff Davis and his partners by their own personal labor with their teams.

It is well settled that a subcontractor procuring the work to be done through the labor of others does not come within the provisions of the statute imposing a lien on railroad property for the protection of laborers and mechanics who may perform work with team or tools in its construction or repair.

We think, however, the fact that plaintiff may have agreed to distribute ties at 2 cents apiece does not preclude him from claiming the lien for so many of the ties as he himself distributed by the personal use of his team. But for so much of the sum due as was earned by plaintiff's employes, he has no lien.

The law of the case is so clearly indicated in Krakauer v. Locke, 6 Texas Civ. App., 446; 25 S. W. Rep., 702; Gulf & B. V. Ry. Co. v. Berry, 31 Texas Civ. App., 408; 72 S. W. Rep., 1050, and Eastern T. Ry. Co. v. Foley, 30 Texas Civ. App., 129; 69 S. W. Rep., 1030, we do not deem it necessary to discuss it further. The cases cited will be a sufficient guide for the court below upon another trial.

From what has been said it is plain the judgment must be reversed. It is remanded because plaintiff may be able to procure effective service on Smith and because it does not appear with certainty how much of plaintiff's claim is secured by a lien and how much is a mere personal claim against Smith.

*Reversed and remanded.*